(Not for publication)                                     (Docket Entry Nos. 154, 155)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALI WARIS, | |
| Plaintiff, | Civil No. 06-5189 (RBK) |
| v. | OPINION |
| JOSEPH FRICK, et al., | |
| Defendants. | |

Presently before the Court are Motions for a Pre-Filing Injunction filed by two groups of Defendants in this case. The first group of Defendants includes the Board of Directors of Keystone Health Plan East ("KHPE"), KHPE CEO Joseph Frick, KHPE's in-house counsel Michael Zipfel, and KHPE paralegal Anya Pollard (the "Keystone Defendants"). The second group of Defendants includes Gregory Lepore, Gerald Dugan, and the firm of Dugan, Brinkmann, Maginnis and Pace (the "Legal Defendants"). The Keystone Defendants and the Legal Defendants seek an order enjoining Plaintiff from filing any further lawsuits against them unless he is represented by counsel, or has first obtained leave of this Court. For the reasons set forth below, the motions will be granted.

I. BACKGROUND

A. This Case

On November 4, 2005, Plaintiff filed an action in the Delaware County Court of Common Pleas ("the Delaware County action"), alleging that KHPE had failed to timely reimburse him for

1

$31.00 in medical expenses. Ultimately, judgment was entered in favor of KHPE. This judgment was affirmed by the Superior Court of Pennsylvania.

On November 27, 2006, Plaintiff filed this action in federal court alleging that the Keystone Defendants and the Legal Defendants, who had represented the Keystone Defendants in the Delaware County action, had committed misconduct during the course of that action. Plaintiff also sued Delaware County Court administrator Gerald C. Montella, the Honorable George A. Pagano, and the Honorable Harry J. Bradley. Plaintiff's complaint contained claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), civil rights violations, violations of the Hobbs Act, fraud and "corporate negligence." On September 25, 2007, the Honorable Marvin Katz granted motions for summary judgment filed by the Keystone Defendants and the Legal Defendants.

Plaintiff appealed these summary judgment orders. The Keystone Defendants filed a motion for damages and double costs under Fed. R. App. P. 38 and sought an injunction barring Plaintiff from filing additional lawsuits against them. The Keystone Defendants argued that Plaintiff's appeal was frivolous and represented that Plaintiff had informed Eric Kraeutler, one of the attorneys representing the Keystone Defendants, that if he lost on appeal he planned to re-litigate all of his claims in a separate lawsuit.

The Court of Appeals for the Third Circuit affirmed Judge Katz's summary judgment orders, noting that "[w]hile Waris has made conclusory accusations of misconduct by appellees, he has provided no evidence of such and pointed to no genuine issues of material fact." Waris v. Frick, 304 F. App'x 975, 977 (3d Cir. 2008). The Court of Appeals, finding Plaintiff's appeal to be "frivolous," also awarded double costs to Defendants. Id. Finally, the Court of Appeals found

2

that "appellees are entitled to an injunction preventing Waris from continuing his vexatious litigation," but denied Defendants' request for an injunction "without prejudice to refiling in the District Court." Id.

The Keystone Defendants and the Legal Defendants subsequently filed the motions for a pre-filing injunction now before the Court. Plaintiff opposes these motions.

### B. Plaintiff's Other Litigation

Plaintiff has filed other lawsuits against KHPE and Dugan. On November 19, 2008, Plaintiff added KHPE, Dugan, and the attorneys who represent them in this action[1] to a lawsuit he had filed in the Chester County Court of Common Pleas. See Waris v. Ormond, et al., Court of Common Pleas of Chester County, Pennsylvania, Civ. No. 08-11441. In Ormond, Plaintiff alleges that the defendants engaged in misconduct during this case. Plaintiff's Amended Complaint contained claims for violation of the Restatement (Second) of Torts, Civil Conspiracy to Abuse Process, Intra-litigation Bad Faith, violation of RICO, violation of the Hobbs Act, and Conspiracy to Interfere with Civil Rights.

Plaintiff subsequently withdrew his federal claims in the Ormond case and filed a separate action in federal court on March 12, 2009. See Waris v. Mackey, Civ. No. 09-cv-1103. In Mackey, as in Ormond, Plaintiff accuses KHPE, Dugan and the attorneys who represent them in this action of misconduct.

---

[1] These additional defendants are Eric Kracutler, Susanna Henderson and Morgan Lewis & Bockius.

## II. STANDARD

Pursuant to the all Writs Act, 28 U.S.C. § 1651(a), a district court may enter a pre-filing injunction "to preclude abusive, groundless and vexatious litigation." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). However, "the District Court should not restrict a litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. Moreover, "[i]f the circumstances warrant the imposition of an injunction, the District Court must give notice to the litigant to show cause why the proposed injunctive relief should not issue." Id. Finally, "the scope of the injunctive order must be narrowly tailored to fit the particular circumstances of the case before the District Court." Id.

## III. DISCUSSION

The Court of Appeals for the Third Circuit has characterized Plaintiff's litigation as "vexatious" and "harassing" and has concluded that Defendants in this case "are entitled to an injunction." Frick, 304 F. App'x at 977. The Court of Appeals denied Defendants' request for a pre-filing injunction only "because any such injunction would need to be enforced by the District Court." Id.

Defendants have now filed their motion for a pre-filing injunction in the appropriate court and Plaintiff has had an opportunity to respond. In his opposition, Plaintiff argues that Defendants' request is barred by collateral estoppel and "has numerous other problems." (Pl.'s Response to Defs.' Motions for Pre-Filing Injunction ("Pl.'s Response").)

4

### A. Collateral Estoppel/Law of the Case

Plaintiff argues that Defendants' motions for a pre-filing injunction are barred by collateral estoppel because on September 25, 2007, Judge Katz denied a Motion for Rule 11 Sanctions filed by the Keystone Defendants. In this motion, the Keystone Defendants requested an injunction to prevent Plaintiff from filing any further lawsuits against them without leave of the Court.

"Collateral estoppel prohibits the relitigation of issues that have been adjudicated in a prior lawsuit." In re Docteroff, 133 F.3d 210, 214 (3d Cir. 1997). Because Plaintiff argues that this Court is precluded from granting Defendants' motions based on a prior decision in this case, his argument is really based on the law of the case, a doctrine similar to collateral estoppel. See Fagan v. City of Vineland, 22 F.3d 1283, 1290 (3d Cir. 1994) ("The law of the case doctrine limits the extent to which an issue will be reconsidered once the court has made a ruling on it."). "Although [the law of the case] does not limit the power of trial judges from reconsidering issues previously decided by a predecessor judge from the same court or from a court of coordinate jurisdiction, it does recognize that as a matter of comity a successor judge should not lightly overturn decisions of his predecessors in a given case." Id. "Thus, the court should only reopen matters decided earlier in litigation in extraordinary circumstances such as where: 1) a predecessor judge is unavailable; 2) new evidence is available; 3) a supervening new law has been announced; or 4) the earlier decision was clearly erroneous and would create manifest injustice." Tsc v. Ventana Med. Sys., Inc., 123 F. Supp. 2d 213, 221 (D. Del. 2000) (citing Schultz v. Onan Corp., 737 F.2d 339, 345 (3d Cir. 1984)).

The Court finds that the law of the case does not bar this Court from granting Defendants'

5

motions for a pre-filing injunction because the Third Circuit Court of Appeals specifically gave Defendants permission to file a motion for injunctive relief in this Court. See Frick, 304 F. App'x at 977. The Court of Appeals had before it more evidence of Plaintiff's behavior than Judge Katz had at the time he denied the Keystone Defendants' motion for Rule 11 sanctions. The Court of Appeals noted that Plaintiff had recently threatened to file additional lawsuits and had in fact filed a new lawsuit. Id.

Moreover, this Court is not bound by Judge Katz's prior decision because new evidence of Plaintiff's conduct is available. Since Judge Katz denied the Rule 11 motion, Plaintiff has filed two more actions, Ormond and Mackey. The Court finds that based on all of the evidence available at this time, a pre-filing injunction is appropriate.

### B. Plaintiff's Other Objections to an Injunction

Plaintiff lists numerous other objections to Defendants' motions for a pre-filing injunction. The Court is not persuaded by any of Plaintiff's arguments.

First, Plaintiff accuses Defendants of seeking this injunction "to *muzzle* [him] from exposing Defendants' judicial networking with the courthouse, in general, and their shameful connection with the presiding judge in this case in particular." Second, he lists "issues which tainted the proceedings in this case." Third, Plaintiff argues that his allegations are not frivolous "because each of these episodes has documentary evidence which Plaintiff has extensively referenced with docket numbers." Plaintiff refers to a 33-page document entitled *Case Fixing at the Federal Court in Philadelphia*, which he states contains allegations made under penalty of perjury. Fourth, Plaintiff argues that a requirement that he obtain counsel or obtain leave of court prior to filing any further suits against Defendants is unreasonable because of the facts of this

6

case and unnecessary because he is no longer filing any actions in federal court. Fifth, he accuses Defendants of using "buzz words" and stereotypes. Sixth, he argues that there was nothing wrong with his statement that he may re-litigate issues. Seventh, he promises to withdraw the latest case if Mr. Kraeutler denies Plaintiff's allegations under verification. Eighth, he argues that Defendants should use 12(b) and Rule 56 motions to address any frivolous lawsuits. Finally, he argues that the motions for a pre-filing injunction are moot because he has already filed a new case.

Plaintiff fails to present the Court with evidence to support his allegations. The only evidence to which he refers is a document he wrote. He does not provide the Court with a copy of this document. Moreover, the Court finds that the motions for a pre-filing injunction are not moot.

## IV. CONCLUSION

The Court recognizes that it should not lightly grant a request for a pre-filing injunction, but finds that such an injunction is appropriate in this case. Therefore, the Defendants' motions for a pre-filing injunction are granted. Plaintiff shall be enjoined from filing any action against Gerald D. Dugan; Gregory F. Leporc; Dugan, Brinkmann, Maginnis and Pace; Keystone Health Plan East, Inc.; the Board of Directors of Keystone Health Plan East, Inc.; Joseph Frick; Michael Zipfel; Anya Pollard; Eric Kraeutler, Susanna Henderson, or Morgan Lewis & Bockius,[2] unless he is represented by counsel, or has first obtained leave of this Court. An accompanying Order shall issue today.

---

[2] The Keystone Defendants sought a broader injunction that would include Keystone Health Plan East, Inc., its affiliates, and/or their directors, officers, employees, in house or outside counsel. The Court finds that a more narrowly tailored injunction is appropriate.

Dated: 8·14·09

_____
ROBERT B. KUGLER
United States District Judge